PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**August 10, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>Petition of HO SEOK LEE as Court-Appointed Manager of YOUNG CHANG CO., LTD,<br><br>Debtor In Foreign Bankruptcy. | Case No. 06-40043<br><br>Chapter 15<br><br>**MEMORANDUM DECISION** |

THIS MATTER came before the Court on July 6, 2006, on a Motion for Permanent Injunction and a Motion to Close Chapter 15 Case filed by Ho Seok Lee as Court-Appointed Manager of Young Chang Co., Ltd (Young Chang). The Motion for Permanent Injunction was opposed by Samsong Mfg. Co. (Samsong). Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

Young Chang filed a petition in bankruptcy (Korean Case) under Korea's Company Reorganization Act, on September 24, 2004. In the Korean Case, Samsong filed a claim for 2.1 billion Korean Won as a secured party. Samsong is a wholly-owned subsidiary of Samick Musical Instruments Company, Ltd. (Samick).

On February 28, 2005, Young Chang submitted a plan of reorganization (Korean Plan) to the Incheon District Court, Department of Bankruptcy. The Korean Plan was approved by the Korean Bankruptcy Court on July 26, 2005. The Korean Plan provides alternative schedules for payment of Samsong's claims, depending on whether they are determined to be secured or unsecured. If unsecured, Young Chang is obligated to pay only 40% of the 2.1 billion Korean Won loans. If secured, Young Chang must pay 90% of the loan amount, plus an additional 10% in stock.

On April 29, 2005, Samsong filed suit against A N D Music Corporation (A N D Music) in Pierce County Superior Court, State of Washington (Pierce County Lawsuit), to recover the accounts receivable that A N D Music owes to Young Chang. A N D Music is a Delaware Corporation, Young Chang's wholly-owned subsidiary and its distributor of pianos for North America, Central America and South America. Trial in the Pierce County Lawsuit is set for December 11, 2006.

On January 13, 2006, Young Chang filed a Petition for Recognition of Foreign Main Proceeding seeking recognition of the corporate reorganization proceeding commenced in the Incheon District Court, Department of Bankruptcy, of the Republic of Korea by Young Chang (Case No. 2004 Hoe 5,7). Young Chang sought entry of an order granting recognition as a foreign main proceeding pursuant to Chapter 15, Title 11 of the United States Bankruptcy Code, and further sought provisional relief against Samsong pursuant to 11 U.S.C. § 1519. On May 25, 2006, the Court entered an Order Granting Recognition of a Foreign Main Proceeding (May 25, 2006 Order). The May 25, 2006 Order further provides that "any right to transfer, encumber or otherwise dispose of assets of the Debtor by any party other than the

foreign representative or its designee is hereby suspended." Samsong did not appear at the hearing or contest entry of the May 25, 2006 Order.

In mid-May, 2006, the Korean corporation Hyundai Development Company (HDC), agreed to purchase Young Chang. The sale closed on May 29, 2006. By June 15, 2006, HDC will have paid Young Chang's creditors in amounts equal to the present value of the totals in the Korean Plan. The Korean Bankruptcy Court has since closed Young Chang's Korean Case.

## CONCLUSIONS OF LAW

Young Chang seeks an order permanently enjoining Samick, or any subsidiary thereof, including Samsong, from recovering or seeking to recover any debt in excess of the amounts provided by Young Chang's Korean Plan. Essentially, Young Chang seeks to permanently enjoin the Pierce County Lawsuit.

Samsong's objection to the request for a permanent injunction is procedural, and the issue before this Court can be stated as follows: Whether Young Chang is required to file an adversary proceeding to request a permanent injunction?

Chapter 15 was recently added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 17, 2005. Chapter 15 adopts a modified version of the Model Law on Cross-Border Insolvency and replaces former 11 U.S.C. § 304.

The Court is not aware of any decisions where a permanent injunction has been granted under Chapter 15, either by motion or through an adversary proceeding. The decisions interpreting former 11 U.S.C. § 304, however, consistently held that injunctive relief could be sought by motion, and such relief was routinely granted. See, e.g., In re Kyu-Byung

Hwang, 309 B.R. 842, 845 (Bankr. S.D. N.Y. 2004); In re Rukavina, 227 B.R. 234, 239-40 (Bankr. S.D. N.Y. 1998).

It is undisputed that permanent injunctive relief is available under Chapter 15. See 11 U.S.C. § 1521(a). Samsong argues that an adversary proceeding is required to seek permanent injunctive relief under Chapter 15 because of the addition of 11 U.S.C. § 1521(e). 11 U.S.C. § 1521(e) provides that "[t]he standards, procedures, and limitations applicable to an injunction shall apply to relief under paragraphs (1), (2), (3), and (6) of subsection (a)." According to Samsong, the procedure for seeking injunction relief under the Bankruptcy Code is limited to filing an adversary proceeding. Fed. R. Bankr. P. 7001(7) provides that "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief," is an adversary proceeding.

The Court disagrees that an adversary proceeding is required to seek permanent injunctive relief under Chapter 15. Although Samsong's arguments are credible, the Court concludes that Samsong's interpretation is contrary to the legislative history of Chapter 15, and would result in an unintended change in procedure for seeking injunctions in foreign ancillary proceedings.

The Court is aware of only one case specifically addressing the necessity of filing an adversary proceeding to obtain a permanent injunction prior to the adoption of Chapter 15. In Rukavina, the bankruptcy court specifically held that a foreign representative did not need to file an adversary proceeding in order to obtain injunctive relief. Rukavina, 227 B.R. at 240. In reaching its decision, the court relied on the language of Fed. R. Bankr. P. 1018. Fed. R. Bankr. P. 1018 makes certain rules in Part VII applicable to proceedings relating to a contested petition commencing a case ancillary to a foreign proceeding. Fed. R. Bankr.

P. 1018 fails to list Fed. R. Bankr. P. 7001(7) as one of the rules applicable to such proceedings. As stated above, Fed. R. Bankr. P. 7001(7), is the section providing that a procedure to obtain an injunction must be through an adversary proceeding. Rukavina, 227 B.R. at 239.

This Court recognizes that Rukavina is distinguishable in that it was decided under former 11 U.S.C. § 304. However, the Court does not agree that it has been legislatively overruled by 11 U.S.C. § 1521(e). Nothing in the language of 11 U.S.C. § 1521(e) indicates that it is supplanting the language of Fed. R. Bankr. P. 1018. In fact, the legislative history of that section indicates otherwise. In a House Report discussing 11 U.S.C. § 1521, it is stated that "[t]his section does not expand or reduce the scope of relief currently available in ancillary cases under sections 105 and 304." H.R. REP. NO. 109-31(I), at 116 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 178. Accordingly, it would arguably be inconsistent with the legislative history of this section to interpret 11 U.S.C. § 1521(e) broadly to conclude that it expands the procedural hurdles for seeking injunctive relief previously established under former 11 U.S.C. § 304.

This Court further recognizes that Rukavina is distinguishable in that the petitioner in that case was seeking a preliminary injunction prior to recognition. Samsong argues that Fed. R. Bankr. P. 1018 applies only to the process by which a contested petition commencing a case ancillary to a foreign proceeding is recognized. Again, this Court does not find Samsong's interpretation to be persuasive. First, the plain language of Fed. R. Bankr. P. 1018 indicates it is applicable to all "proceedings relating to a contested petition commencing a case ancillary to a foreign proceeding." (Emphasis added.) This language is sufficiently broad to include injunctions sought both prior to, and after a petition is recognized.

Second, if Samsong's argument was accepted, it would create a different procedure for seeking an injunction under Chapter 15 depending on when the petition is recognized. Under Samsong's argument, a party would be able to seek a preliminary injunction by motion prior to a petition being recognized under Fed. R. Bankr. P. 1018, but would have to seek a permanent injunction by way of an adversary proceeding once recognition has occurred. This interpretation lacks logic as 11 U.S.C. § 1519, which concerns the period of time from petition filing to petition recognition, contains a provision nearly identical to 11 U.S.C. 1521(e). See 11 U.S.C. § 1519(e). If this language required an adversary proceeding to obtain an injunction, 11 U.S.C. § 1519(e) would also be in conflict with Fed. R. Bankr. P. 1018. The Court is unwilling to interpret Chapter 15 to create a conflict when such an interpretation is unnecessary.

The Court has also considered Samsong's arguments that the granting of injunctions under new Chapter 15 will require different considerations than under former 11 U.S.C. § 304. Chapter 15, in addition to authorizing any discretionary relief that the court may grant under 11 U.S.C. §§ 1519 and 1521, also automatically incorporates a number of the safeguards of the automatic stay pursuant to 11 U.S.C. § 1520(a)(1). This is a significant departure from former 11 U.S.C. § 304 where the automatic stay was inapplicable, and an injunction was the primary means of protection available to a petitioner. As recognized by the parties at the July 6, 2006 hearing, however, the stay protections provided by 11 U.S.C. § 1520 are limited. For instance, the stay of any act against property of the estate under 11 U.S.C. § 362(a) continues only until the property is no longer property of the estate, i.e., the property is sold, and the stay of any other act continues only until the case is closed. 11 U.S.C. § 362(c)(1) and (2)(A). A provision similar to 11 U.S.C. § 524 to protect the petitioner and its assets once

the case has been closed does not appear to apply to Chapter 15. Although Samsong suggests that Young Chang may be able to obtain the same result as a permanent injunction by not closing the case and keeping the stay in place, the Court concludes that this proposal is unnecessary and overly burdensome. The Korean Case has been closed, a sale of Young Chang has occurred, and distributions have been made or will soon be made pursuant to the Korean Plan. It is not cost effective to keep the Chapter 15 case open merely to keep the stay in place when a procedure to grant a permanent injunction and close the case is available.

The Court's Memorandum Decision is consistent with the intended purpose of Chapter 15. According to 11 U.S.C. § 1501, the purpose of Chapter 15 is to "provide effective mechanisms" for dealing with cross-border insolvency, "with the objectives" of "cooperation between" courts of the United States and courts of foreign countries. 11 U.S.C. § 1501(a)(1)(A) and (B). In this case, a permanent injunction by motion serves these objectives by providing an efficient and cost effective procedure for allowing the Korean Plan to control the distribution of Young Chang's assets.

Samsong has only objected to Young Chang's motion for permanent injunction on a procedural basis. For each of the reasons cited above, this Court concludes that Young Chang is entitled to seek a permanent injunction against Samsong without filing an adversary proceeding. Accordingly, Young Chang's motion for permanent injunctive relief is granted as is its motion to close case.

DATED: August 10, 2006

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 7
  Case 06-40043-PBS    Doc 47    Filed 08/10/06    Ent. 08/10/06 08:39:45    Pg. 7 of 7